CITY OF NEW YORK, Respondent, v. CHARLES A. BROWN
et·al., Appellants.

1. NEW YORK (CITY OF) — UNLAWFUL USE AND OCCUPATION OF PIER —
REMEDIES. The·unlawful occupancy of a pier in the city of New York,
continued by an injunction restraining the city from interference there-
with until the lawfulness of the occupancy could be adjudged, does not
confine the city, after a judgment in its favor, to an action upon the
undertaking given to procure the injunction in order to secure its dam-
ages. Such damages arise out of the unlawful use and occupation of
the premises, not out of the granting of the injunction, and are recover-
able in an action therefor.

2. MEASURE OF DAMAGES. The measure of damages in such an action,
where the claim therefor is based solely and specifically upon the use of
the pier for dumping purposes, and it appears that the licensees had
incurred a large expense in adapting it to such purposes, is the gross
annual rental of the pier for such purposes. deducting the expense.

*City of New York* v. *Brown*, 90 App. Div. 606, reversed.

(Argued October 10, 1904; decided October 28. 1904.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered Feb-
ruary 10, 1904, affirming a judgment in favor of plaintiff
entered upon a verdict and an order denying a motion for a
new trial.

On December 31, 1901, the dock department of the city of
New York granted a permit to the defendants, during the
pleasure of the department, to use and occupy " 200 feet of
the south side of Old Slip Pier East, East River, and to con-
struct a dumping board thereon " at an annual fee or rental
of one thousand dollars. Within a few days thereafter the
defendants commenced the erection of a dumping board on
the pier, and the same had been nearly completed on January
24, 1902, when the work on it was stopped by order of the
commissioner of docks, who had then succeeded to the powers
of the former department of docks. At this time the defend-
ants had expended about six thousand dollars in the construc-
tion of the dumping board and it would have required only
about one hundred dollars more to complete it.

On April 23, 1902, the commissioner of docks revoked the permit referred to, and notified the defendants that their use of the pier was illegal because in violation of section 845 of the Greater New York charter, which provided in substance that no dumping board should be erected on a pier which had theretofore been used for the loading or unloading of sailing vessels employed in foreign commerce and having a draught of more than eighteen feet. The pier in question came within the provisions of that section and the defendants were notified to remove their dumping board within fifteen days.

Upon receipt of this notice the defendants commenced an action to restrain the plaintiff from interfering with their occupancy of the pier, and on May 3, 1902, procured an injunction which was thereafter continued during the pendency of the suit. The injunction suit was tried in October, 1902, and resulted in favor of the city. On November 18, 1902, a judgment was entered dismissing the complaint.

On the succeeding twenty-fourth of December the commissioner of docks took down and removed the dumping board of the defendants. Thereafter this action was commenced by the city to recover damages from the defendants for their alleged unlawful use and occupation of the pier from May ninth to December 24, 1902. Upon the trial evidence was adduced on behalf of the plaintiff to show that the rental value of the pier for dumping purposes was $12,000 a year, and on this evidence the jury rendered a verdict in favor of the plaintiff for $5,000. The judgment entered upon this verdict was affirmed by the Appellate Division.

*L. Laflin Kellogg* and *Alfred C. Petté* for appellants. The possession of pier 12 by the defendants during the period for which recovery is sought was not an unlawful possession entitling the plaintiff to recover damages as for a trespass, but their possession was pursuant to an order of the Supreme Court having jurisdiction of both the parties and the subject-matter, and the plaintiff is confined to its remedy upon the undertaking given upon procuring the preliminary injunction.

(*Mark* v. *Hyatt*, 135 N. Y. 306; *Palmer* v. *Foley*, 71 N. Y. 106; *Marks* v. *Townsend*, 97 N. Y. 590; *Day* v. *Bach*, 87 N. Y. 56; *Hess* v. *Hess*, 117 N. Y. 306; *Walling* v. *Miller*, 108 N. Y. 173.) It was error to admit in evidence testimony as to the alleged reasonable value of pier 12 for dumping purposes, because it had been expressly held in an action between the parties that the lease of that pier for such purposes was illegal and contrary to the provisions of section 845 of the Greater New York charter. (*Jamieson* v. *E. R. Co.*, 147 N. Y. 322; *Whitmark* v. *N. Y. E. R. R. Co.*, 139 N. Y. 393; *Charman* v. *Hibbler*, 43 App. Div. 449.)

*John J. Delany, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for respondent. The occupation of the pier by the defendants, after the revocation of their license, was unlawful and they were guilty of a trespass *quare clausum fregit.* (*Brown* v. *City of New York*, 78 App. Div. 361; 176 N. Y. 571; *Wheelock* v. *Noonan*, 108 N. Y. 179; *Riddle* v. *Brown*, 20 Ala. 412; *B. & H. R. Co.* v. *Algire*, 63 Md. 319; *Druse* v. *Wheeler*, 22 Mich. 439; *Hayward* v. *Grant*, 1 C. & P. 448.) This action is not brought to recover damages caused by an injunction, but for an unlawful act committed by them: (*Marks* v. *Hyatt*, 61 Hun, 325; 135 N. Y. 306.) In the case at bar the measure of damages is the value of the use of the property to the trespassers and not to the owner. (*C. & R. I. R. Co.* v. *N. C. & I. Co.*, 36 Ill. 60; *De Camp* v. *Bullard*, 159 N. Y. 450; 3 Suth. on Dam. 366, 367; *Mayor, etc.*, v. *Sonneborn*, 113 N. Y. 423; *Buffalo* v. *Balcom*, 134 N. Y. 532; *Bath G. L. Co.* v. *Claffy*, 151 N. Y. 24; *W. L. Ins. Co.* v. *Clason*, 162 N. Y. 305; *Vought* v. *E. B. & L. Assn.*, 172 N. Y. 508.) The verdict of the jury is amply sustained by the evidence. (*Brown* v. *City of New York*, 78 App. Div. 361; 176 N. Y. 571; 2 Lewis on Em. Dom. [2d ed.] § 437; *Teerpenning* v. *C. E. Ins. Co.*, 43 N. Y. 279; *Bedell* v. *L. I. R. Co.*, 44 N. Y. 367; *Woodruff* v. *I. F. Ins. Co.*, 83 N. Y. 133; *Holsapple* v. *R., W. & O. R. Co.*, 86 N. Y. 275; *White, Corbin*

*& Co.* v. *Jones,* 79 App. Div. 373 ; *Ward* v. *St. Vincent's Hospital,* 78 App. Div. 317 ; *Fisher* v. *U. Ry. Co.,* 86 App. Div. 365 ; *Lincoln* v. *S., etc., R. Co.,* 23 Wend. 425 ; *Hewlett* v. *S. C. S. Co.,* 84 Hun, 248.)

WERNER, J.   The defendants' first contention is that the plaintiff has mistaken its remedy in seeking to recover damages for the unlawful use and occupation of the pier in question, and that it should have brought an action on the undertaking given by these defendants in the action wherein they were plaintiffs and the city was defendant and in which the injunction above referred to was procured.   We think the cases relied upon by the defendants to support that contention have no application here, because this is not a case in which the plaintiff's right to damages arises out of the granting of an injunction, but is based wholly upon the claim of a wrongful use and occupation of its property.

The use of the pier for dumping purposes was contrary to the provisions of section 845 of the charter (L. 1897, ch. 378), and defendants' occupation thereof was, therefore, unlawful. (*Brown* v. *City of New York,* 78 App. Div. 361 ; affirmed, 176 N. Y. 571.)   Under these circumstances the plaintiff has the undoubted right to recover such damages as it may have sustained by reason of such unlawful use and occupation.

In the effort to prove the plaintiff's damages, its commissioner of docks was permitted to testify that the use of the pier for dumping purposes was worth $12,000 a year and upon this evidence the jury rendered a verdict of $5,000 for such use during the period from May 9 to December 24, 1902.

In various forms the defendants' counsel requested the learned trial court to charge the jury that upon the facts alleged and proved the plaintiff was not entitled to recover damages based solely upon the rental value of the pier for dumping purposes, and that the recovery should be limited to the rental value of the pier for general purposes.   These requests were refused and the court charged in substance that

the plaintiff was entitled to recover for the use of the pier for dumping purposes. The exceptions to the rulings of the learned trial court in that behalf present the only question that we deem it necessary to discuss upon this appeal.

Under familiar principles two distinct and separate measures of damages were open to the plaintiff. It had the right either to base its claim upon the rental value of the pier for general purposes, or to demand the damages growing out of the particular use to which it was subjected by the defendants. Under the first alternative all the uses to which the pier could ordinarily be devoted would have been proper subjects of consideration in determining the measure of damages. (*Reisert* v. *City of New York*, 174 N. Y. 196.) Under the second alternative chosen by the plaintiff, the use of the pier for dumping purposes was the sole and specific ground upon which its claim to damages was based. In order to adapt the pier to this particular use, the defendants necessarily incurred an expense of $6,000, which, in the nature of things, should have been deducted from the gross annual rental value of the pier for dumping purposes in admeasuring the damages to which the plaintiff, under this theory of the case, claimed to be entitled. In other words, the usable value of the pier for the specific purpose was what it was worth for that purpose after deducting the cost of adapting it thereto. This essential feature of the measure of damages sought to be applied to this case was apparently overlooked by the learned trial court, and for this reason we think the judgment herein should be reversed and a new trial had, with costs to abide the event.

CULLEN, Ch. J., O'BRIEN, BARTLETT, MARTIN and VANN, JJ., concur; HAIGHT, J., absent.

Judgment reversed, etc.