BENJAMIN TENENBAUM, Appellant, v. ZEIDLE MAUD, Doing Business as MAUD'S SUMMER-RAY, Respondent.— Action to recover damages for personal injuries sustained by plaintiff, who was injured while playing a game of handball at defendant's hotel. The complaint was dismissed at the close of the plaintiff's case. Judgment reversed on the law and a new trial granted, with costs to abide the event. In our opinion, the evidence presented questions of fact for consideration by a jury. Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.

JOHN G. WARD et al., as Trustees under the Will of WILLIAM J. WARD, SR., Deceased, et al., Appellants, v. CHARLES L. FELTMAN et al., Respondents.— In an action for restitution and to recover for unlawful use and occupation of real property, order granting defendants' motion to dismiss the complaint for insufficiency, under rule 106 of the Rules of Civil Practice, and the judgment of dismissal thereon entered, reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. In our opinion plaintiffs, suing by their first cause of action for restitution upon the ground of unjust enrichment of defendants during the continuance of injunctions and stays issued by the court, do not sue for damages resulting from the continuance of such restraints; and by seeking by their second cause of action to recover for unlawful use and occupation for a period exceeding that in which they were so restrained state a cause of action which must survive this motion. (*Bedell Co.* v. *Harris,* 228 App. Div. 529; *City of New York* v. *Brown,* 179 N. Y. 303; Civ. Prac. Act. § 275; *Condon* v. *Associated Hospital Service,* 287 N. Y. 411, 414.) The alleged causes of action are not to recover damages for injury to property, and no portion of the claims alleged accrued prior to the time limited by law for the commencement of an action thereon. (Civ. Prac. Act, § 53; *Pitcher* v. *Sutton,* 238 App. Div. 291, 293.) Defendants' time to answer the complaint is hereby extended until twenty days after entry of the order hereon. Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur. [See 274 App. Div. 802.]

LOUISE WIEGAND, Appellant, v. CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injuries, order denying plaintiff's motion, pursuant to section 50-e of the General Municipal Law, for an order correcting, supplying and disregarding certain defects in a notice of claim served upon respondent, affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Carswell, Nolan, Sneed and Wenzel, JJ., concur.