GIACINTO TERESTA, Plaintiff, v. CITY OF NEW YORK et al., Defendants.

Supreme Court, Trial Term, Kings County, May 19, 1949.

*Samuel J. Moskowitz* for plaintiff.

*John P. McGrath, Corporation Counsel* (*David H. Scott* of counsel), for City of New York, defendant.

WALSH, J. Plaintiff was injured while a passenger in a trolley car which collided with a truck on December 24, 1945. It is admitted by the answer of the City of New York that " within sixty days after the happening of the alleged occurrence, a certain paper purporting to be a notice of claim was received by the Office of the Comptroller of the defendant, The City of New York," but the answer otherwise denies that " the plaintiff caused to be served upon the defendant, the City of New York, a notice of plaintiff's intention to commence this action * * * in the form prescribed, to the Comptroller of The City of New York." The answer also admits " on the 7th day of March, 1946, a hearing was held, and a certain person purporting to be the plaintiff herein, appeared and was examined."

After the jury had been sworn and the plaintiff's attorney made his opening statement, the defendant moved to dismiss the complaint on the ground that plaintiff had failed to comply with

section 50-e of the General Municipal Law. It is conceded by the plaintiff that the notice which he mailed to the comptroller was sent by ordinary mail and was not sent by registered mail. After a conference with the attorneys and out of the presence of the jury, their statements were placed upon the record, the notice of claim was received in evidence, and it was stipulated that the court should decide the motion at this time and before completing the case.

Plaintiff's statement, in substance, was that sometime prior to February 9, 1946, within sixty days after the happening of the accident, he went to the board of transportation and was then directed to go to room 518 of the Municipal Building in the borough of Manhattan and file a claim. That on February 9, 1946, a notice of claim was mailed by ordinary mail, and not by registered mail. Thereafter and prior to the expiration of the sixty-day period, a registered letter was sent by the corporation counsel and comptroller, requiring plaintiff to appear for examination. He was examined, and the testimony was sworn to. Up to this time plaintiff had not retained a lawyer. He was sixty-four years of age and had difficulty in speaking English.

The attorney for the city stated that it was conceded that he went to the office of the board of transportation, where he received a notice of claim blank and instructions as to the filing of the notice which specifically directed him to serve the notice by registered mail.

Two questions are involved: whether or not, under the circumstances, the notice by ordinary mail is sufficient and, secondly, whether the conduct of the City of New York, through its officials, amounts to a waiver of the statutory requirement.

These questions appear to have been already determined by the courts of this State. In *Tilton* v. *City of New York* (N. Y. L. J., June 25, 1948, p. 2395, col. 3), the Appellate Term in the Second Department sustained the City Court where, under similar circumstances, the complaint was dismissed at the end of the plaintiff's case. There the sole question was whether service of the notice of claim by ordinary mail is a sufficient compliance with the statutory provision for service by registered mail. Further, the case of *Wiegand* v. *City of New York* (273 App. Div. 1025) would also appear to be controlling. The Special Term motion was to permit the plaintiff to disregard her failure to comply with subdivision 2 of section 50-e, which requires the notice to be sworn to, and also involved plaintiff's failure to serve personally or by registered mail, as required by subdivision 3. Under subdivision 6 of section 50-e the court might

have disregarded the plaintiff's failure in swearing to the notice but it could not disregard a mistake, omission, irregularity or defect " pertaining to the manner * * * of service ".

Under the circumstances, the court must hold that the notice served by ordinary mail is not a compliance with section 50-e. The cases cited by plaintiff were decided before section 50-e was enacted and are not in point.

The court further holds that the statutory requirement as to the manner of service of the notice of claim could not be waived by the defendant (*Purdy* v. *City of New York,* 193 N. Y. 521; *Lewis* v. *City of New York,* 278 N. Y. 517). Further, it appears to be immaterial that the city has not been prejudiced by the failure to serve the notice by registered mail. In *Ponsrok* v. *City of Yonkers* (254 N. Y. 91), Judge POUND stated: " The court may not exercise a dispensing power based on the principles of abstract justice fitting the particular case. It may only see that the requirements of the law are complied with."

The motion to dismiss is accordingly granted.