In an action to recover damages for personal injuries, plaintiff appeals from a judgment in favor of respondent, entered on a dismissal of the complaint upon the opening statement of plaintiff’s counsel at the trial, and from the order of dismissal. It appears from the opening statement that plaintiff, in person, called at the corporation counsel’s office in reference to the accident and was advised to obtain a certain form in the Municipal Building, that he went there, and that he was given a notice of claim, with instructions to fill it out, have it notarized, and mailed in. Concededly, the completed notice of claim was mailed by ordinary mail and not registered mail, within sixty days after the happening of the accident. Thereafter, plaintiff was notified by the comptroller to appear for examination, and he was examined. Plaintiff claims that there was substantial compliance with section 50-e of the General Municipal Law, and that any defect in the manner of service of the notice of claim was waived by respondent. Plaintiff did not contend at the trial, nor does he assert on appeal, that any evidence was available with respect to the manner of service or the alleged waiver by respondent of the requirements of section 50-e, other than that referred to in counsel’s statement. Judgment unanimously affirmed, without costs. Service of a notice of claim by ordinary mail instead of by registered mail is not a compliance with section 50-e of the General Municipal Law, even though received within the sixty-day period prescribed by that section and no prejudice to the municipality is shown. (Cf. Wiegand v. City of New York, 273 App. Div. 1025.) The acts of respondent did not constitute a waiver of the requirements of that section. {Forsyth v. City of Oswego, 191 N. Y. 441; Winter v. City of Niagara Falls, 190 N. Y. 198; Meiner v. City of New York, 262 App. Div. 970.) Appeal from order dismissed, without costs. No such order is printed in the record. Present — Nolan, P. J., Johnston, Sneed, Wenzel and MacCrate, JJ.