MARTIN DAVIS, Plaintiff, *v.* COUNTY OF OSWEGO, Defendant.
NORTHERN DAIRY CATTLE CORP., Plaintiff, *v.* COUNTY OF OSWEGO, Defendant.

Supreme Court, Special Term, Onondaga County, June 16, 1952.

*John F. Gates* for defendant.

*Leonard H. Amdursky* for plaintiffs.

SEARL, J. Defendant moves (Rules Civ. Prac., rule 112) for judgment on the pleadings on the ground that the complaint fails to state that plaintiffs served notice of claim in accordance with section 50-e of the General Municipal Law. The accident involves an Oswego County snowplow and a car owned by the Northern Dairy Cattle Corp. and driven by Martin Davis, its vice-president.

The sole question involved is the manner of service of the notice of claim. The accident occurred on December 9, 1949. A notice of claim was served personally on William Gallagher, County Attorney, on January 27, 1950. No other notice of claim appears to have been served. The defendant urges that the notice of claim should have been served in the same manner as a Supreme Court summons. Plaintiffs urge that service on the County Attorney is sufficient.

Subdivision 3 of section 50-e reads as follows: " 3. The notice shall be served on the party against whom the claim is made by

delivering the notice, or a copy thereof, personally, or by registered mail, to the person, officer, agent, clerk or employee, designated by law as a person to whom a summons in an action in the supreme court issued against such party may be delivered ''.

So far as service of a summons on a county is concerned, section 228 of the Civil Practice Act reads as follows: '' Personal service of the summons upon a domestic corporation must be made by delivering a copy thereof, within the state, as follows: * * * If the action be against a county, to the chairman or clerk of the board of supervisors, the county clerk, or the county treasurer; and in addition thereto a copy thereof must be served either personally or by registered mail upon the county attorney, if the county has a county attorney, and otherwise upon the clerk of the board of supervisors of the county.''·

This provision was inserted by virtue of chapter 114 of the Laws of 1949, and became effective September 1, 1949, the accident in question having occurred the following December 9th. It is conceded that the County of Oswego had at the time a County Attorney, namely one William Gallagher, upon whom service was made.

The plaintiffs in the instant case urge that inasmuch as the county has not been prejudiced, the notice should be received. The argument cannot prevail in view of the recent holdings in *Matter of Martin* v. *School Bd.* (301 N. Y. 233, 239) in which the court remarked, in an action in which an infant sought to file his claim *nunc pro tunc* more than a year after the accident occurred, the court saying: '' Wise or unwise, fair or harsh, that law is as binding on the courts as it is on this petitioner and on everyone else.''

Again, in *Matter of Merkle* v. *County of Nassau* (197 Misc. 560, 562) where claimant served notice of claim on the deputy county clerk instead of on the County Attorney: '' The court reluctantly denies the motion. But in so doing, it takes occasion to point out that many meritorious claims are constantly being defeated because of some error in the manner of service where the municipality has not been injured or prejudiced in any way.''

In *Teresta* v. *City of New York* (197 Misc. 732, affd. 277 App. Div. 787) a claimant, an Italian who had difficulty in speaking English, served his notice of claim by ordinary mail rather than by registered mail. Thereafter an

examination of the claimant was held and his testimony sworn to. There was no prejudice claimed by the city, yet the court held that under the statute the notice of claim was not properly served and the complaint should be dismissed.

It may be urged that the court, by virtue of the provisions of subdivision 6 of section 50-e, has the right to correct errors in the notice of claim. The court undoubtedly has this power but here the defect claimed is " in the manner or time of service ", which, according to the statute, is a defect that cannot be remedied by the court. Therefore, this court has no power to remedy the situation.

The requirement of the statute providing for double service is unique in this State, applying to no other municipal corporation. The aid of the Legislature must be sought if a change is to be made.

As the complaint must set forth the facts, defendant's motion to dismiss is granted.