Frederick W. Loomis, J.
The plaintiff has brought an action against the County of Otsego to recover damages to his automobile alleged to have been occasioned by the negligence of the defendant’s employees. The action was started in Justices’ Court of the Town of Cherry Valley and demands judgment in the sum of $492.
Upon the adjourned date of the return of the summons and complaint, the defendant appeared “specially” and filed a demurrer to the complaint asking that the complaint be dismissed: (1) because the cause of action did not state facts sufficient to constitute a cause of action; (2) because the complaint and facts stated failed to state facts sufficient to constitute a cause of action; (3) because the court had no jurisdiction and the complaint is insufficient due to the fact that the notice of claim was served on the County Clerk more than 90 days after .the alleged occurrence; (4) because the court had no jurisdiction and the complaint is insufficient due to the fact that no notice of claim was served personally or by registered mail on the County Attorney; (5) because the court had no jurisdiction as the complaint was never served on the proper county officials.
In the defendant’s brief it is stated that the alleged cause of action arose June 1, 1959 ; that the notice of claim was filed in the office of the County Clerk on October 19, 1959; that no *750 notice of claim was served on the County Attorney at any .time, that the summons and complaint were received and filed by the County Clerk on July 20, 1960 and were received by registered mail by the County Attorney on the same date.
The plaintiff, in his brief submitted to the Justice by means of a letter, does not appear to contest the dates of the filing or service of the notice of claim nor the manner thereof. However, he does contend that the defendant may not appear “ specially ” where the complaint is served with the summons. It is his contention that a special appearance is applicable only when the summons is defective in form or contents, or when the service has been defective. It is plaintiff’s contention that under a demurrer the ground of the objection must appear on the face of the pleading and that no other facts may be considered. The plaintiff further states that no defect appears in the pleading except that it states that the notice of claim was “ filed ” rather than “served.” The plaintiff also states that the sufficiency of the notice of claim and the service thereof may not be determined on a special appearance and demurrer because to do so requires the consideration of facts not appearing on the face of the complaint and it is the plaintiff’s position that the questions concerning the service of the notice of claim must be tried out by the court when the defendant appears generally and answers.
Under section 237-a of the Civil Practice Act it is provided that a defendant may make a special appearance solely to object to the court’s jurisdiction over his person. That section further provides that an objection to the court’s jurisdiction over the person of the defendant shall not be waived by joining therewith a motion objecting to the court’s jurisdiction over the subject matter of the action. However, if a party couples his special appearance objecting to the jurisdiction of the court with motions addressed to the merits of the ease, his appearance becomes a general appearance rather than a special appearance. (Matter of Feinberg, 185 Misc. 862.) Under the former Supreme Court practice it was held that a demurrer constituted a general appearance. (Pruyn v. McCreary, 105 App. Div. 302, affd. 182 N. Y. 568.)
However, under the present Justice Court Act, if the defendant on his demurrer had raised only the question of jurisdiction of the person coupled with the question of the court’s jurisdiction of the subject of the action, it is possible that his appearance could be deemed a special appearance. However, on his demurrer he raised the further question concerning whether or not the complaint states facts sufficient to constitute a cause of *751 action, see objections “ First ” and “ Second Having raised such questions on the merits the defendant’s appearance must be deemed a general appearance.
In considering the questions raised on the demurrer it appears that only objections which appear on the face of the pleadings may be considered under section 132 of the Justice Court Act.
The courts have held that in suits against municipalities, compliance with section 50-e of the General Municipal Law is a condition precedent to the bringing of such cause of action and is an essential part of the plaintiff’s cause of action to be alleged and proved, like any other condition precedent to the existence of any obligation. (Winter v. City of Niagara Falls, 190 N. Y. 198.) Failure to comply with section 50-e of the General Municipal Law is not an affirmative defense to be pleaded and proved by the defendant. Bather it is a condition precedent to the maintenance of the action to be pleaded and proved by the plaintiff. (Lubarsky v. City of Long Beach, 205 Misc. 153; Winter v. City of Niagara Falls, supra; Citrone v. Palladino, 77 N. Y. S. 2d 489.)
In the instant case the complaint alleges “ That notice of plaintiff’s claim has been filed as required by section 50-e of the General Municipal Law ’ ’ and no further details are alleged concerning the date and manner of the service of the notice. This allegation of compliance with the section is a mere conclusion and is entirely insufficient as an allegation of fact. (Schlatter v. Town of Hempstead, 182 Misc. 545; Davis v. County of Oswego, 203 Misc. 80. See, also, 22 Carmody-Wait, New York Practice, p. 81.)
Since the giving of the notice of claim is not properly alleged in the complaint, it must be held that the complaint does not state facts sufficient to constitute a cause of action, and since the defect appears on the face of the complaint, the demurrer must be deemed to be well founded and allowed, and I so find as a matter of law.
Under the provisions of the Justice Court Act, the plaintiff is given leave to file an amended complaint within 10 days after the entry of an order on this decision. However, it should be pointed out that if the complaint is amended to set forth the date of service of the notice of claim and the person, or persons, upon whom it was served, and if upon such amendment the date and manner of service appear to be as claimed by the defendant, such amended complaint would again be subject to a demurrer or motion to dismiss.
The Buies of Civil Practice apply to Justices’ Courts when not in conflict with the Constitution or statutes of the State
*752 of New York. (“Walker” v. “Walker” 198 Misc. 414.) It would, therefore, appear that the defendant could have moved for a dismissal of the complaint on the pleading and an affidavit under rule 107 of the Buies of Civil Practice.