In the Matter of JOSEPH A. MANNING et al., Respondents, against LAZARUS JOSEPH, as Comptroller of the City of New York, Appellant.

Argued May 26, 1952; decided July 15, 1952.

*Denis M. Hurley, Corporation Counsel* (*Alfred Weinstein, Seymour B. Quel* and *Howard C. Fischbach* of counsel), for appellant. I. Since petitioners failed to review the determination of August 8, 1947, they are bound by it. Their failure to review precludes their claim to the benefits of the new determination made as the result of the review brought by another. A contrary holding would, in effect, subvert the Statute of Limitations. (*Campbell* v. *City of New York,* 291 N. Y. 461; *Matter of Heaney* v. *McGoldrick,* 286 N. Y. 38; *Cirillo* v. *City of New York,* 170 Misc. 230, 259 App. Div. 717, 287 N. Y. 641; *Nolan* v. *New York City Housing Authority,* 199 Misc. 599; *Matter of Hoof* v. *McGoldrick,* 295 N. Y. 214; *Schultz* v. *United States Fidelity & Guar. Co.,* 201 N. Y. 230; *St. John* v. *Andrews Inst.,* 192 N. Y. 382.) II. The release literally covered the

instant claims, and there was no evidence that the parties had a contrary intention. (*Simon* v. *Simon,* 274 App. Div. 447; *Matter of Barbarita* v. *Board of Estimate,* 83 N. Y. S. 2d 854, 276 App. Div. 751, 301 N. Y. 529; *Pimpinello* v. *Swift & Co.,* 253 N. Y. 159; *Matter of Stone,* 272 N. Y. 121; *Kirchner* v. *New Home Sewing Mach. Co.,* 135 N. Y. 182; *Barker* v. *Conley,* 267 N. Y. 43.) III. The general releases given by petitioners bar recovery. (*McKibbin* v. *City of New York,* 182 Misc. 671, 269 App. Div. 696, 295 N. Y. 592; *Evadan Realty Corp.* v. *Patterson,* 192 Misc. 850, 276 App. Div. 751; *Estro Chemical Co.* v. *Falk,* 303 N. Y. 83; *People ex rel. McLaughlin* v. *Board of Police Comrs. of City of Yonkers,* 174 N. Y. 45; *Ryan* v. *City of New York,* 177 N. Y. 271; *Matter of Dinan* v. *Patterson,* 193 Misc. 92, 275 App. Div. 801; *Nolan* v. *New York City Housing Authority,* 199 Misc. 599; *Wright* v. *State of New York,* 223 N. Y. 44; *New York Public Lib.* v. *City of New York,* 275 App. Div. 307, 300 N. Y. 726; *Matter of Giannettino* v. *McGoldrick,* 295 N. Y. 208.)

*Sidney A. Fine* and *Morris Weissberg* for respondents. I. Pursuant to subdivision 8 of section 220 of the Labor Law, petitioners, as complainants who filed verified complaints, were parties to the statutory wage rate proceeding before the comptroller, until he made a final determination and final order therein on March 23, 1950. (*Matter of Gaston* v. *Taylor,* 274 N. Y. 359; *Matter of Heaney* v. *McGoldrick,* 286 N. Y. 38; *Campbell* v. *City of New York,* 291 N. Y. 461; *Matter of Carder Realty Corp.* v. *Andrews,* 239 App. Div. 618; *Matter of Winburn,* 270 N. Y. 196; *Matter of Union Trust Co.* [*Detmold*], 219 N. Y. 537; *Croker* v. *Williamson,* 208 N. Y. 480; *Altman* v. *Hofeller,* 152 N. Y. 498; *Union Trust Co.* v. *Cole,* 198 App. Div. 539.) II. The releases executed by petitioners on April 5, 1948, were given for and upon payment to petitioners of the difference in wages admittedly due them under the comptroller's determination of August 8, 1947, fixing wage rates without shift differentials. Such releases were not intended by either party to affect petitioners' claims to " shift differentials " for night and Sunday work, and any such application of said releases would be without consideration, against public policy, and prohibited by subdivision 8-a of section 220 of the Labor Law. (*Matter of Giannettino* v. *McGoldrick,* 295 N. Y. 208; *Matter of Barbarita*

v. *Board of Estimate,* 83 N. Y. S. 2d 854, 276 App. Div. 751, 301 N. Y. 529; *Matter of Rumsey Mfg. Corp.* [*Corsi*], 296 N. Y. 113; *Dixon* v. *New York Trap Rock Corp.,* 293 N. Y. 509; *Pitt* v. *Board of Educ. of City of N. Y.,* 216 N. Y. 304; *McMahon* v. *Mayor of City of N. Y.,* 22 App. Div. 113.)

*Per Curiam.* Petitioners, ninety-three in all, are stationary engineers (electric) employed in various departments and agencies of the city of New York. They seek additional compensation, pursuant to the prevailing rate of wages under section 220 of the Labor Law, for work performed on late shifts and on Sundays between January 14, 1944, and May 22, 1947. We agree with the courts below that the reversal (*Matter of Smith* v. *Joseph,* 275 App. Div. 201, affd. 300 N. Y. 516) of the comptroller's original 1947 determination, excluding these shift differentials, inures to the benefit of all the stationary engineers who filed complaints in that original proceeding, and whose interests were united with those of the person appealing, even though they did not appeal. They are definitely persons affected by the final determination. However, that issue is not dispositive of the instant case.

We are constrained to hold that the releases executed by petitioners in 1948 following the 1947 comptroller's determination preclude their recovery of the additional compensation during the aforesaid period for Sunday and night work, awarded as the result of the judicial review of said original determination. In addition to the customary language of a general release, the instruments expressly recited the waiver of a particular claim " by reason of services heretofore rendered by me as an employee of The City of New York, and more particularly by reason of any claim for difference in wages heretofore received by me " during the period in question. It would be difficult to employ clearer language to bar the claims of petitioners with respect to the shift differentials sought herein. To hold otherwise would be to render the releases quite meaningless.

Petitioners had consulted with and received the approval of their attorney before signing the releases. They were executed in the light of the proceedings terminating in the original 1947 determination. The minutes of the May 9, 1947, hearing con-

clusively establish that at the time of their execution, petitioners were aware of the controversy in regard to shift differentials, inasmuch as they had made specific claim thereto, and their attorney, who represented them throughout the litigation, took exception to the comptroller's adverse ruling.

We see no merit to petitioners' contentions that the releases are against public policy and prohibited by subdivision 8-a of section 220 of the Labor Law, which merely deals with a failure to protest and not with a solemn release duly executed and acknowledged under circumstances as here presented (cf. Civil Service Law, § 8-a). *Matter of Dinan* v. *Patterson* (193 Misc. 92, affd. 275 App. Div. 801). Nor would they fail for lack of consideration (Debtor and Creditor Law, § 243). Payment by the comptroller prior to the final determination (see Labor Law, § 220, subd. 8) in settlement of a known but undetermined controversy constitutes a valid consideration.

The orders of the Appellate Division and Special Term should be reversed and the petition dismissed, with costs in all courts.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and FROESSEL, JJ., concur; CONWAY, J., not sitting.

Orders reversed, etc. [See 304 N. Y. 947.]