BUSHMAN CONSTRUCTION COMPANY

v.

UNITED STATES.

No. 437-57.

United States Court of Claims.
July 16, 1958.

Raymond M. Crossman, Jr., Omaha, Neb., for plaintiff. Crossman, Barton & Quinlan, Omaha, Neb., were on the brief.

Francis J. Steiner, Jr., Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

WHITAKER, Judge.

This case is before us on defendant's motion for summary judgment.

Plaintiff sues under a contract with the Department of the Interior for the increased wages it was required to pay on account of a redetermination of the prevailing wage made by the Secretary of Labor after the execution of the contract between the parties. Under the contract plaintiff was to perform certain work dealing with the earthwork and structures on the Missouri River Basin Project.

Plaintiff says the Davis-Bacon Act (40 U.S.C.A. § 276a) required only that a Goverment contract should provide that the contractor should pay, as a minimum, the wages prevailing in the community, as determined by the Secretary of Labor, at or before the time of the execution of the contract; and that it did not authorize a provision for the payment of a higher wage, if later the Secretary of Labor determined that the higher wage was then the prevailing wage. In this plaintiff is correct.

From this premise, however, plaintiff draws the conclusion that any such provision in a contract is unlawful. This conclusion is wrong. It is wrong because the Davis-Bacon Act was not enacted for the benefit of the contractor, but for the benefit of contractors' employees, to insure that they receive at least the standard wages prevailing in the community. United States v. Binghamton Construction Co., 347 U.S. 171, 74 S.Ct. 438, 98 L.Ed. 594. A violation of that Act, therefore, gave to the contractor no right of action.

There is no other provision of law, of which we are aware, that prohibits the parties from agreeing to such a contract as was entered into in this case, if they wish. We cannot conceive how it could be against public policy, as plaintiff asserts. That they did so agree, is clear from the following recitation of facts:

The specifications as advertised contained the usual article[1] requiring the payment of prevailing wages, except that, instead of setting out the actual wages for each class of labor prevailing in the community, it recited:

|  | Rate |
| --- | --- |
| "Classification | per hour |

"(The classifications and wage rates will be furnished by supplemental notice before bids are opened.)"

---

1. Paragraph 4 of these specifications.

Then later, on March 24, 1953, the contracting officer sent to all prospective bidders "Supplemental Notice No. 3." This recited:

"1. The following rates of wages have been approved by the Secretary of Labor for inclusion in Paragraph 4 of the above-described specifications:"

Then followed the rate per hour to be paid each clasification: carpenters, so much; electricians, so much, etc. Following this long list of workers there appeared the following subparagraph:

"4A. *Changes in minimum wage rates.* The wage rates set forth in Paragraph 4 of the specifications are the rates currently established by the Department of Labor as the prevailing rates in the area in which the work will be performed. These wage rates are currently the subject of proceedings by the Department of Labor and hearings are scheduled during April 1953, in the area, for the purpose of redetermination of prevailing rates. In the event of any redetermination resulting from these proceedings, the Labor Department's new schedule of classifications and rates will be substituted for those included in Paragraph 4 of the specifications. *Such new rates will become the applicable minimum rates for work performed thereafter under these specifications. Such substitution of wage rates, if any, will be made as soon as possible following the above hearings, and no increase in the contract prices will be allowed because of such substitution.*" [Italics ours.]

Later, on March 31, 1953, plaintiff submitted its bid, and on April 9, 1953, the contract was awarded to it.

Plaintiff received the formal contract on April 9, and executed it and returned it to the contracting officer on April 16. It was later executed by the United States. As executed it contained in the specifications, which were attached, paragraph 4A, set out above.

Clearly, therefore, the parties agreed to the provision for payment of the wages to be determined by the Secretary of Labor after the execution of the contract. It is for the increase resulting from his determination for which plaintiff sues. It is not entitled to recover.

Defendant's motion for summary judgment is granted, and plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.