MEAOTT CONSTRUCTION CORP. et al., Appellants, v PHILIP ROSS, as Industrial Commissioner of the State of New York, Respondent.

Third Department, July 31, 1980

**APPEARANCES OF COUNSEL**

*Bryant, O'Dell & Basso (William Barton, Jr.,* and *Kilcullen, Smith & Heenan* of counsel), for appellants.

*Robert Abrams, Attorney-General (Lew A. Millenbach* and *Shirley Adelson Siegel* of counsel), for respondent.

## OPINION OF THE COURT

MIKOLL, J.

The facts are not in dispute. Plaintiffs, various contractors or contractors' associations, had executed public works contracts on dates subsequent to the effective date of the 1975 amendments to section 220 of the Labor Law. Since its enactment in 1921, section 220 of the Labor Law has required contractors to pay "the prevailing rate of wages * * * in the locality". (Labor Law, § 220, subd 3.) The prevailing rate is determined by a "fiscal officer", in this case the defendant. At all times pertinent the required wage is the rate prevailing at the time the work is performed. If the rate changes after the contract is let the fiscal officer so notifies the contractors, and the increased rate governs wages from that point on.

The wage schedule accompanying each contract contained the following language: "APPLICABILITY OF SCHEDULE: The attached Schedule is to be used on the public work project whose PRC number appears on the Schedule, and supersedes any Schedule of rates previously issued for this project. *These wage rates and supplemental benefits are subject to change, and you will be periodically notified of all such changes. The wage rates and supplement benefits to be paid should always be those prevailing at the time the work is being performed.*" All the applicants were informed that the wage obligations were susceptible to increase, before they submitted their bids. The contracts were awarded and the work commenced under each contract. This action for a declaratory judgment was thereafter commenced, seeking an order (1) declaring section 220 illegal and unconstitutional insofar as it permits postaward wage redeterminations, and (2) enjoining defendant from redetermining any wages payable under their contracts.

Plaintiffs maintain, in essence, that despite the fact that there was advance agreement to the redetermination condition, such condition, nevertheless is an impairment of the contractual obligations of the plaintiffs and thus violative of the contract clause of the United States Constitution. They argue that the condition grants "the state the right to direct unilateral changes in the terms and conditions of its contract", increasing the "cost of performance" thus impairing "the contractor's previous contractual undertaking". Plaintiffs then conclude that there is no mutuality of agreement and obligation. There is no merit to this argument (see *Campbell v City of New York,* 244 NY 317, 324-325).

First, the terms of the contract specify that the wages required to be paid are liable to be increased and inform the bidder to take this into account.

Second, the State is not given the right to direct unilateral changes in the contract. The condition requiring the contractor to pay the prevailing wage rate, even if it increases during the performance of the work, is not changed at all. Recognition and declaration of what is the prevailing rate at a subsequent time is not a change in the requirement to pay that rate. Further, any change in the prevailing rate is dictated by the market place not by the State.

Third, the undertaking is not impaired by any such increase. The contractor undertook to pay the prevailing increased wage rate and has thereby undertaken to predict the cost of labor over the anticipated time of performance, and has factored such expected increase into his winning bid. It cannot be said that the occurrence of the very event contemplated is an impairment of the contract.

An examination of the agreement reveals that all parties have agreed in advance that the contractors will pay all wage increases without reimbursement from the government. This is not violative of any principles of contract law (see *Bushman Constr. Co. v United States,* 164 F Supp 239).

Plaintiffs argue additionally that although the State may, in the exercise of its police power, regulate the wages of public construction contract workers, the means by which such regulation is accomplished must be reasonable, and that in the instant case, the increase in wage costs without compensation to the contractor renders the contract unreasonable. We disagree. The error of this argument lies in the conclusion that there is no compensation to the contractor for such an increase in wages. This is not so. The contractor is compensated for such costs. His bid is made in the expectation that he has incorporated these increased costs in arriving at the total contract price for which he will perform the work.

Plaintiffs also claim that this method of protecting workers' wages is invalid because it is not the most moderate means of effectuating that purpose and as such it is unreasonable. It is further claimed that reimbursement of the increased costs occasioned by the redetermination of the prevailing wage directly to the contractor as a "contract change" is the only way the legislative goal can be accomplished in a reasonable way. Of course, the selection of one method of protecting

wages of workers over another is a matter of legislative preference. Here it is not disputed that the protection of the wage rate is a legitimate State concern, so that if the legislative choice is reasonably and appropriately related to the attainment of that objective, our inquiry ends *(Goldblatt v Hempstead,* 369 US 590; *Railway Employees' Dept. v Hanson,* 351 US 225; *Matter of Bauch v City of New York,* 21 NY2d 599, cert den 393 US 834). We conclude that the selection of the Legislature is both reasonable and appropriate to achieving the legislative purpose. Several reasons support this conclusion. Passing the risk of rising costs onto the contractor tends to insure that the State's monetary exposure will be conclusively determined at the outset of the project, precluding the need to repeat the costly and bothersome appropriations process whenever the wage rate rises. An incentive is created for the contractor to complete the work on or ahead of schedule before the rates increase. Further, it may be said to be only fair to place the risk of rising labor costs on the contractor who, being intimately familiar with the construction market, would be better equipped to estimate future costs. Thus, it cannot be said that the method chosen by the Legislature is unreasonable, as contended by plaintiffs. Moreover, we find no violations of any public policy in the employment of this postaward redetermination clause in State public works contracts.

Plaintiffs rely heavily on *Sunswick Corp. of Del. v United States* (75 F Supp 221). However, that case is distinguishable since it involved only a reclassification of carpenters to a higher pay schedule for being engaged in waterfront work. There was no increase in pay for carpenters in waterfront work. It did not involve a subsequent general increase in wages in a locality.

Section 220 of the Labor Law, as amended by chapter 752 of the Laws of 1975, is reasonable, is not in contravention of public policy, does not offend basic contract principles, and does not constitute an impairment of contract obligations in violation of the contracts clause of the United States Constitution.

The judgment should be affirmed, with costs.

GREENBLOTT, J. P., SWEENEY, MAIN and HERLIHY, JJ., concur.

Judgment affirmed, with costs.