◼ In the Matter of JOHN F. CADWALLADER, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. —Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Chemung County) to review a determination of the Commissioner of Labor which held that petitioner and its subcontractors failed to pay prevailing wages and wage supplements as required by Labor Law § 220.

Petitioner is a prime contractor on a contract awarded by respondent Dryden Central School District to replace windows in school buildings. A contract for a public works project is subject to the prevailing wage and supplement provisions of Labor Law § 220. The written specifications, general conditions and supplementary conditions forming part of the contract provided that petitioner would comply with the prevailing wage rate required by Labor Law § 220, and attached to the contract was a schedule of prevailing wage rates and supplementary benefits. The documents also required petitioner to require similar compliance by its subcontractors. Investigations by respondent New York State Department of Labor disclosed noncompliance by petitioner and two of its

subcontractors with the prevailing wage rates and supplements. Following a hearing, the Commissioner of Labor confirmed a determination by the hearing officer which found that there were underpayments by petitioner totaling $3,484 and underpayments by petitioner's subcontractors, Whitted Construction Company and Sams Masonry and Supply, totaling $2,476.40 and $1,697.52, respectively. The Commissioner's determination included an assessment of both interest and penalties against petitioner and its subcontractors. This proceeding seeking annulment of the Commissioner's determination followed.

Petitioner initially contends that it did not underpay wages. To support this contention, petitioner offered signed receipts and release forms from seven workers noting that full payment of wages were received and that petitioner was released from any further obligation to pay. These receipts and release forms were obtained by petitioner during respondent Department of Labor's investigation and, in each instance, the payment was for sums less than the prevailing wage rates for the hours worked. In two instances, no sum was paid to the workers who signed the receipt and release forms.

The statutory framework in the enactment of Labor Law § 220 seeks to insure that workers on public projects will receive an adequate wage (*Brang Co. v State Univ. Constr. Fund*, 47 AD2d 178, 179). The protection of the wage rate is a legitimate State concern and legislation reasonably and appropriately related to the attainment of that objective will withstand judicial scrutiny (*Meaott Constr. Corp. v Ross*, 76 AD2d 137). Petitioner asks this court to approve the receipt and release forms from some of the workers who worked on the public project which were obtained in consideration of sums of money less than the amount found to be due and payable under the prevailing wage rate schedule set forth in the contract with the public owner. The result of such approval would violate the purpose of the law and be in derogation of its *raison d'etre*. Petitioner has cited several cases to support its contention that claims made for failure to pay prevailing rates pursuant to Labor Law § 220 may be waived (*e.g., Matter of Manning v Joseph*, 304 NY 278; *Ryan v City of New York*, 177 NY 271; *DeLury v City of New York*, 83 Misc 2d 202, *affd* 51 AD2d 288; *Evadan Realty Corp. v Patterson*, 192 Misc 850, *affd* 276 App Div 751). In each of these cases, the controversy involved the City of New York and its own direct employees. However, we discern a distinction between these cases involving direct municipal employees and the instant case, where a

private contractor seeks to avoid payment of prevailing wages in reliance upon an instrument which states:

"[I] hereby accept from the above employer as full settlement of earnings at the established prevailing rate for the period shown in item 13, the amount of $_____.

"_____     _____"
signature                                    date

We are not unmindful of the language in *Matter of Manning v Joseph (supra)* upholding the validity of releases executed after receiving approval of the petitioner's attorney and in consideration of additional money paid by the Comptroller of the City of New York in full settlement of their pending claims. Nor have we failed to take cognizance that *Evadan Realty Corp. v Patterson (supra)* held that a waiver of Labor Law § 220 rights may be effective. We find these cases to be inapposite and hold here that the subject instruments are contrary to both the legislative intent and public policy; respondents' rejection of the forms was therefore proper.

Petitioner next contends that the record lacks substantial evidence to support the determination that Sams Masonry and Supply and Whitted Construction Company were subcontractors. While respondents' witness testified that he found no documentary evidence establishing that said firms were subcontractors, his investigation disclosed that all of the employees of said firms actually worked on petitioner's project and that petitioner had included some of those employees on its own payroll. Moreover, petitioner paid to obtain receipts and releases from some and was unsuccessful with others. Finally, the evidence includes a letter to the project owner in which petitioner stated that he employed a minority contractor on the project. It is undisputed that Jack Sams of Sams Masonry and Supply was a minority contractor. We find that this proof provided substantial evidence from which to infer that Sams Masonry and Supply and Whitted Construction Company were subcontractors employed by petitioner (*see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176).

Nor does it appear that petitioner sustained demonstrable prejudice by the delay in his receipt of the hearing transcript and the failure of the hearing officer to await petitioner's memorandum before making a decision.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.