■ BRIAN HOXIE'S PAINTING COMPANY, INC., Appellant, v CATO-MERIDIAN CENTRAL SCHOOL DISTRICT, Respondent.—Order affirmed without costs. Memorandum: We agree with the dissenters that Labor Law § 220-d applies to school districts. However, because the principal legislative purpose and intent of that section is similar to that of Labor Law § 220 (3), we conclude that plaintiff has no negligence cause of action based upon a violation of Labor Law § 220-d for the reasons stated in Williamson Roofing & Sheet Metal Co. v Town of Parish (139 AD2d 97).

All concur, except Green and Pine, JJ., who dissent and vote to reverse in the following memorandum.

Green and Pine, JJ. (dissenting). The majority, while recognizing that section 200-d of the Labor Law applies to a school district, nevertheless affirms the grant of summary judgment to defendant school district on the ground that plaintiff has failed to state a valid cause of action. We disagree. Defendant violated section 220-d of the Labor Law by failing to include in the advertised specifications for the contract a provision stating the minimum hourly rate of wage which can be paid and the minimum supplement that can be provided. It is well established that violation of a statute may constitute negli-

gence if it proximately causes plaintiff's damages *(see, Martin v Herzog,* 228 NY 164; *see also,* 1 NY PJI2d 150-155; Prosser and Keeton, Torts § 36, at 220-234 [5th ed]; *Williamson Roofing & Sheet Metal Co. v Town of Parish,* 139 AD2d 97 [Green and Pine, JJ., concurring in part and dissenting in part]). Since plaintiffs seeks reimbursement only for moneys it paid the Department of Labor as a direct result of defendant's violation of the statute, plaintiff has stated a valid cause of action in negligence, assuming that the statute applies to the defendant.

Section 220-d of the Labor Law provides, in relevant part, as follows: "§ 220-d. Minimum rate of wage and supplement. The advertised specifications for every contract for the construction, reconstruction, maintenance and/or repair of public work to which the state, county, town and/or village is a party shall contain a provision stating the minimum hourly rate of wage which can be paid and the minimum supplement that can be provided, as shall be designated by the industrial commissioner, to the laborers, workingmen or mechanics employed in the performance of the contract, either by the contractor, sub-contractor or other person doing or contracting to do the whole or a part of the work contemplated by the contract, and the contract shall contain a stipulation that such laborers, workingmen or mechanics shall be paid not less than such hourly minimum rate of wage and provided supplements not less than the prevailing supplements." The defendant school district argues that since it is not a "state, county, town and/or village" this section does not apply. We disagree for several reasons.

The legislative history of the statute is instructive. Section 220-d of the Labor Law was first enacted in 1933 with respect to highway projects only *(see,* L 1933, ch 733). Elmer Andres, then State Industrial Commissioner, wrote to the Governor in support of the bill and stated, "[t]he effect of this bill is to place all competitors for highway construction projects on an equal basis as affects the wages for common labor" (mem to Governor, Bill Jacket, L 1933, ch 733). Inasmuch as the bill concerned only highway projects, the drafters provided for its application to contracts entered into by the "state, county, town and/or village" since these were the only public entities in the business of highway construction.

In 1934, however, the statute was amended and the term "public work" was substituted for the term "highway construction project" (L 1934, ch 747). While the legislative history surrounding the amendment is sparse, the basic pur-

pose of the bill was summed up by the Department of Labor in a memorandum to the Governor as follows: "Based on the experience of this Department an amendment is herewith presented to eliminate the restriction of the payment of this hourly rate of wage to highways and extending it to laborers on all public work construction * * * We know of no reason why laborers on highway work should receive a different minimum rate of wage than similar class of help on other public works construction in the same neighborhood." (Bill Jacket, L 1934, ch 747.)

By this amendment, section 220-d was expanded to cover "every contract for the construction, reconstruction, maintenance and/or repair of public work to which the state, county, town and/or village is a party". Unfortunately, there is no explanation why the terms "state, county, town and/or village" were retained and not redrafted. We can only conclude that this failure was due to legislative oversight since the statute clearly was intended to apply to all public works projects *(see,* 48 NY Jur, Public Works and Contracts, § 45, at 534).

Moreover, defendant has not cited and we cannot conceive of any persuasive reason why this section should not apply to contracts involving school districts or other municipal corporations. Article 8 of the Labor Law, of which section 220-d is an integral part, is entitled "PUBLIC WORK" *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 123 [b]) and implements the State constitutional requirement that all workers employed pursuant to public work contracts shall be paid the wage rate prevailing in the same trade or occupation in the locality where the work is performed *(see,* NY Const, art I, § 17). Although no court has specifically held that section 220-d applies to school districts, the rationale of decisions holding that section 220 applies compels that conclusion in this case. For example, the Court of Appeals has observed that "Regardless of the complexity of much of the case law as to the impact of (Labor Law) section 220, this at least seems to be settled: that those whose work has to do with the construction and maintenance of the fabric and essential parts of public buildings are entitled to prevailing wages even though their connection with building construction and maintenance is as minimal as that of the sign painters and sign letterers who were held entitled to prevailing wages in *Matter of Miele* v. *Joseph* [305 NY 667]" *(Matter of Golden v Joseph,* 307 NY 62, 67).

Also, in *Matter of John F. Cadwallader, Inc. v New York*

*State Dept. of Labor* (112 AD2d 577), where a contract was awarded by a central school district for the replacement of windows in a school building, the court simply assumed that section 220 applied because the contract was for a public works project. Several opinions from the Attorney-General also support the conclusion that school districts are municipal corporations subject to the provisions of article 8 of the Labor Law *(see, e.g.,* 1932 Opns Atty Gen 257; 1899 Opns Atty Gen 302; *cf., Varsity Tr. v Saporita,* 71 AD2d 643, *affd* 48 NY2d 767 [school bus operators and matrons not protected by NY Const, art I, § 17]).

We must construe all parts of a statute together and in harmony with each other *(see,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 98, 221 [b]). Since section 220, which requires "Hours, wages and supplements", clearly applies to contracts to which a school district is a party, it necessarily follows that section 220-d, which requires notice of the "Minimum rate of wage and supplement", similarly applies. To hold otherwise would be unjust and would frustrate the purpose of article 8 *(see, Matter of Action Elec. Contrs. Co. v Goldin,* 64 NY2d 213, 221-222). Since the Cato-Meridian Middle School is a public building, plaintiff's painting of the cupola, cornice and windows was subject to the prevailing wage notice requirement of section 220-d of the Labor Law.

Accordingly, the order appealed from granting defendant's cross motion should be reversed and the motion denied. (Appeal from order of Supreme Court, Cayuga County, Contiguglia, J.—dismiss complaint.) Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.