THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. HARRY BAREIKA, HARRY BAREIKA, INC., WALTER MOTOR TRUCK COMPANY and RAND-MACMURRAY, INC., Defendants.— Defendants demur to an indictment charging them with

conspiracy. The ground of demurrer is that it appears on the face of the pleading that the acts described do not constitute a crime. The essential part of the indictment, by which its sufficiency is to be tested, is the allegation of a corrupt agreement for the perversion and obstruction of the due administration of laws pursuant to which defendants agreed to submit three rigged and collusive bids for sale of equipment to a town with intent to deceive and mislead town officers, with the result that one of the defendants would receive a contract with the town as the lowest bidder. The law which is described in the indictment as being perverted and obstructed is section 103 of the General Municipal Law. Defendants correctly point out that this is a statute which imposes obligations on public officers and not directly on bidders for public contracts; and that it does not require the submission of three bids. But it does require the awarding of the purchase contracts there described to " the lowest responsible bidder "; and this by necessary implication means truly competitive bids where there are more than one; and not bids which deceptively seem to be competitive but which are in fact rigged or fixed by agreement between the bidders. Such an agreement, if corruptly made and acted upon, could prevent the public officer from following the mandate of the statute and hence could constitute a perversion or obstruction of the due administration of a statute requiring an award to " the lowest responsible bidder ". In basic principle the case is similar to People v. Willis (158 N. Y. 392) and is governed by the rule laid down in that case. But a mere agreement to submit bids in specified amounts, if entered into honestly or with the belief that this was a proper way to meet a technical requirement for three bidders which the defendants and the town officers may have believed were necessary; and where the equipment was so limited in source that truly competitive bids were not feasible, might not constitute an unlawful conspiracy. It requires more than an arrangement which will avoid the stated requirements of a law to make out a criminal conspiracy. It requires a corrupt arrangement, which in this case would mean an intent to deceive public officers in order to avoid the competitive requirement of the statute. That such a test of corruption applies to a conspiracy to pervert or obstruct the law is made clear in People v. Flack (125 N. Y. 324, 332, 333). Since such a corrupt intent must be established to show the crime, and since there appears in the moving papers to be a denial of any such purpose, we are of opinion that defendants are entitled to inspect the minutes of the Grand Jury upon which this indictment was based. The demurrers to the indictment are overruled. Motions to inspect the minutes of the Grand Jury granted. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.