■ ANTHONY MARCHIONNE et al., Respondents, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION, Appellant, and JAMES DONNIGAN et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Transportation to award two contracts to James Donnigan, and to compel the Department of Transportation to award said contracts to petitioners, the appeal is from a judgment of the Supreme Court, Westchester County (Daronco, J.), entered June 8, 1981, which granted the petition. Judgment reversed, on the law, without costs or disbursements, petition granted only to the extent that the determination is annulled and matter remitted to the Department of Transportation for further proceedings consistent herewith. The leasing of gasoline stations by the Department of Transportation is controlled by subdivision 2 of section 38 of the Highway Law, which requires the submission of a bid deposit with each proposal. Once the amount of the deposit has been set forth in the advertisement for proposals, the commissioner may not alter that amount, except where there is a minor discrepancy (1922 Opns Atty Gen 88) or where an inadvertent mistake occurred (1946 Opns Atty Gen 288). Consequently, the Department of Transportation's advice to James Donnigan that he need only submit one certified check, regardless of the number of gasoline stations on which he was bidding, failed to relieve Donnigan of his obligation to submit the appropriate number of deposits. The "instruction to bidders and proposal requirements" clearly states that no bid will be received or considered unless accompanied by a certified check in the amount of $5,000. The Department of Transportation and Donnigan concede that neither of Donnigan's bids for the two service stations which are the subject of this appeal, included such a deposit. Consequently, Special Term correctly concluded that Donnigan's bids were invalid and that the Department of Transportation erred in awarding him the two contracts. However, Special Term erred in ordering the Department of Trans-

portation to award the contracts to the petitioners. The bid proposal specifically states that "[t]he Department reserves the right to reject any and all bids, and to award contracts at its sole discretion, on a basis other than simply the highest fee bid." Said provision is specifically permitted by statute (Highway Law, § 38, subd 4). Therefore, by ordering the Department of Transportation to enter into such a contract, Special Term effectively substituted its judgment for that of the Commissioner of Transportation. This was improper. The proper procedure to follow is to have the Department of Transportation reopen bidding for the subject gasoline stations. Weinstein, J. P., Brown, Niehoff and Boyers, JJ., concur.