OPINION OF THE COURT
Harold J. Hughes, J.
In this CPLR article 78 proceeding the petitioner seeks a judgment: (1) vacating respondents’ award of contract No. D250829 to the intervenor-respondent (Schiavone Joint Venture); (2) preliminarily and permanently enjoining respondents from allowing the intervenor-respondent to perform any part of the contract; and (3) directing respondents to award the contract to petitioner.
On March 15, 1984 the Department of Transportation received eight bids upon contract No. D250829, which calls for the construction of a rail trestle between the South Bronx High-bridge Yard and the Harlem River Yard, permitting full freight rail transportation into New York City and the Long Island vicinity. The apparent low bid in the sum of $54,470,067 was submitted by a joint venture comprised of Schiavone Construction Company, Raymond International Builders, Inc., and *40 Kiewit Eastern Company (Kiewit Joint Venture). Petitioner submitted the apparent second low bid in the sum of $54,838,620. Under Highway Law § 38 the respondents are required to award the contract to the “lowest responsible bidder”. In the course of investigating whether the Kiewit Joint Venture was a responsible bidder, the Department became concerned with the fact that Kiewit Eastern Company was a wholly owned subsidiary of Peter Kiewit Sons, Inc., a company whose subsidiaries had been convicted of bid rigging activities. This concern became known to Kiewit Joint Venture, whereupon it purportedly assigned its rights as the apparent low bidder to a new joint venture comprised of Schiavone Construction Company and Raymond International Builders, Inc. On August 1, 1984 the Department of Transportation consented to the assignment and on August 30, 1984 the contract was awarded to the Schiavone Joint Venture. This proceeding ensued.
The issue is whether under Highway Law § 38 the Commissioner of Transportation can award, and the Comptroller can approve the awarding of, a contract to the assignee of the apparent low bidder upon a public works contract.
In the court’s view the legal arguments advanced by the respondents and the intervenor incorrectly focus upon the issue of whether the Kiewit Joint Venture could, either under State Finance Law § 138 or under general common-law contract rules, assign its interest as the apparent low bidder upon a public works contract (whatever that interest might be) to the Schiavone Joint Venture. The concern of the court is not with the conduct of the intervenor and its assignor, but rather with the conduct of the respondents.
The Commissioner and Department of Transportation are a part of the executive branch and in the realm of the awarding of public contracts through the bidding process have no administrative power to depart from the requirements of competitive public bidding established by the Legislature through statutes (Matter of New York State Assn. of Plumbing-Heating-Cooling Contrs. v Egan, 86 AD2d 100, affd 60 NY2d 882). Highway Law § 38 (3) mandates that the contract involved here “be awarded to the lowest responsible bidder”. This is a legislative directive “which imposes obligations on public officers and not directly on bidders for public contracts” (People v Bareika, 9 AD2d 1002, 1003). Thus, the focus is on the actions of the Commissioner and Department of Transportation and the inquiry is whether the language of Highway Law § 38 (3) can be construed to permit the award of a contract governed by that section to the assignee *41 of the apparent low bidder. The court is aware of no principle of statutory construction that would permit the simple words “lowest responsible bidder” to be tortured into the meaning sought by respondents. The Legislature was straightforward in its direction to the Commissioner and the Department and instructed them to award a contract under Highway Law § 38 only to the “lowest responsible bidder”. Respondents failed to do so. The legal entity known as the Schiavone Joint Venture never submitted a bid upon contract No. D250829. Indeed, it could not do so since it was not in existence at the time the bids were opened. Respondents acted illegally in awarding the contract to an entity that never submitted a bid.*
Despite the illegal conduct by respondents, petitioner is not entitled to a judgment in the nature of mandamus directing award of the contract to it since the bid proposal specifically reserves the right to the Department to reject all bids and, thus, the proper remedy is remittal to the Department of Transportation with a direction to reopen the bidding for the contract (Marchionne v New York State Dept. of Transp., 88 AD2d 655).
The court will award judgment to the petitioner, without costs; (1) vacating respondents’ action of August 31,1984 awarding contract No. D250829 to the joint venture comprised of Schiavone Construction Company and Raymond International Builders, Inc.; and (2) directing the respondent James L. Larocca, as Commissioner of the New York State Department of Transportation, to reopen the bidding upon contract D250829.

 The respondents and the intervenor concede by their actions that the Schiavone Joint Venture cannot be deemed the successor in interest of the Kiewit Joint Venture or else there would never have been need of a formal assignment.