THE VILLAGE OF MEDINA, Appellant, *v.* FREDERICK W. DINGLEDINE et al., Defendants, and THE TITLE GUARANTY AND SURETY COMPANY, Respondent.

Municipal corporations — payment by municipal corporations to contractors who had violated eight-hour provision of Labor Law — when municipal corporation cannot charge such payments against surety for such contractor who is in default.

A municipal corporation may not knowingly violate the provisions of the Labor Law (Cons. Laws, ch. 31, § 3), which provide that eight hours shall constitute a legal day's work upon work by or for the state or a municipal corporation; and where payments in violation of such provisions have been made to contractors with knowledge that they worked their men more than eight hours while engaged in the performance of such work, the corporation cannot be credited with such payments against a surety for the contractor who is in default, nor can the municipality waive the violation of the statute to the extent of compensating a contractor for work done and materials furnished on the basis of a *quantum meruit.* (*People ex rel. Williams E. & C. Co.* v. *Metz,* 193 N. Y. 148, followed.)

*Village of Medina* v. *Dingledine,* 152 App. Div. 307, affirmed.

(Argued March 12, 1914; decided April 14, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 18, 1912, affirming a judgment in favor of defendants entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John J. Ryan* and *Leroy J. Skinner* for appellant. Under section 3 of the Labor Law, as such provisions are construed by the courts, a contract between a municipality and a contractor for the construction of public works is voidable, at the option of the municipality, for violations of the law by the contractor, and is not upon such violation *ipso facto* absolutely void. (Sutherland on Stat. Const. § 307; *P. & E. R. R. Co.* v. *C. R. R. Co.*, 53 Penn. St. 20; *Daggett* v. *Walter*, 15 Fla. 355; *Bigelow* v. *Forrest*, 9 Wall. 339; Sedgwick on Stat. & Const. Law, 252; *Matter of Rochester Water Comrs.*, 66 N. Y. 422; *Chase* v. *Lord*, 77 N. Y. 18; *People* v. *England*, 91 Hun, 152; *Vane* v. *Newcombe*, 132 U. S. 235; *Smith* v. *People*, 47 N. Y. 330; *N. Y. C. & H. R. R. R. Co.* v. *Williams*, 199 N. Y. 113.) The municipality can only be bound by the knowledge or action of its board of sewer commissioners, acting as a board and within the scope of its authority; and knowledge of a portion of the individual members of the board of the violation of the Eight Hour Law by the contractors, not shown to have been brought to the attention of the board, acting as such, or even to the attention of the other members, cannot bind such municipality or work a forfeiture of the contract. (*Strong* v. *District of Columbia*, 4 Mackey [D. C.], 242; *Douglass* v. *Ferris*, 138 N. Y. 192; *Schroeppell* v. *Shaw*, 3 N. Y. 446; *Bank of Utica* v. *Ives*, 17 Wend. 501; 18 Barb. 166; 1 Bosw. 411; 2 Edw. 53; 65 How. Pr. 249; 2 Johns. Ch. 554; 7 Johns. 332; 17 Johns. 176, 384; 2 Paige, 497; 10 Paige, 76; 4 Wend. 570.)

*George E. Dennison* for respondent. The contract was void as not complying with the express provisions of the Labor Law, and, therefore, there could be no recovery on the bond. (*Bath Gas Light Co.* v. *Claffy*, 151 N. Y. 45; *Bath Gas Light Co.* v. *Rowland*, 84 App. Div. 563; 178 N. Y. 631; *People ex rel. Williams Co.* v. *Metz*, 193 N. Y. 148; *People ex rel. Cossey* v. *Grout*, 179 N. Y. 417.)

HISCOCK, J.   In May, 1907, the appellant, through its board of sewer commissioners, entered into a written contract with a firm of contractors to construct certain sewers for the price of $37,347.50.   Thereafter the respondent in accordance with the requirements of said contract entered into a bond as surety with the appellant in the penal sum of $18,673.75 for the faithful performance of said contract by the contractors.   After doing a considerable amount of work and furnishing a considerable amount of materials in the performance of their undertaking said contractors became in default and the appellant, as it was legally entitled to do, excluded them from further work on the contract and itself completed the latter at its own expense.   Prior to doing this it had made payments to the contractors to the amount of $29,268.83, and including these payments and the expense of the work which it performed in completing the contract, it has expended the sum of upwards of $7,000 over and above the amount to which the contractors would have been entitled for completing their work, and it seeks to recover this sum together with certain penalties for delay from the respondent under the bond executed by it as aforesaid.

It is conceded or at least undisputed that the amount expended by appellant for the construction of said sewers plus any sum which has accrued in its favor for penalties does not exceed the contract price fixed for the construction and completion of such work unless it is entitled to be credited with said sum of $29,268.83 paid to the contractors as aforesaid.   If it be true that the amount thus expended by it plus any possible sum due for penalties does not exceed the price which it agreed to pay the contractors for constructing the sewers, it is plain that it has not suffered any damages for non-performance of the contract which may furnish the basis for a claim against the respondent on its bond.   The pivotal question whether it is entitled to be credited with the payments made to

the contractors as a lawful expenditure in connection with the construction of the work involves a consideration and interpretation of section 3 of the Labor Law (Consol. Laws, ch. 31). This section reads as follows:

"Eight hours shall constitute a legal day's work for all classes of employees in this state except those engaged in farm and domestic service unless otherwise provided by law. This section does not prevent an agreement for over work at an increased compensation except upon work by or for the state or a municipal corporation, or by contractors or subcontractors therewith. Each contract to which the state or a municipal corporation or a commission appointed pursuant to law is a party which may involve the employment of laborers, workmen or mechanics, shall contain a stipulation that no laborer, workman or mechanic in the employ of the contractor, subcontractor or other person doing or contracting to do the whole or a part of the work contemplated by the contract shall be permitted or required to work more than eight hours in any one calendar day except in cases of extraordinary emergency caused by fire, flood or danger to life or property. * * * Each contract for such public work hereafter made shall contain a provision that the same shall be void and of no effect unless the person or corporation making or performing the same shall comply with the provisions of this section; and no such person or corporation shall be entitled to receive any sum nor shall any officer, agent or employee of the state or of a municipal corporation pay the same or authorize its payment from the funds under his charge or control to any such person or corporation for work done upon any contract, which in its form or manner of performance violates the provisions of this section."

Several questions concerning the meaning and effect of this statute as applicable to the facts now presented to us have been argued which we do not deem it necessary to decide. It seems to us clear that because of one reason

if no other the appellant was not entitled to pay and is not entitled to be credited with the sum which it paid to the contractors. The provisions which have been quoted make eight hours on such a contract as this was with a municipal corporation a legal day's work, and require that each contract for such public work shall contain a provision that the same shall be void and of no effect unless the person or corporation making or performing the same shall comply with the provisions of this section, and expressly enact that "no such person or corporation shall be entitled to receive any sum nor shall any officer, agent or employee of the state or of a municipal corporation pay the same or authorize its payment from the funds under his charge or control to any such person or corporation for work done upon any contract, which in its form or manner of performance violates the provisions of this section."

It was found in substance by the referee on evidence which fully justified the findings that during practically all of the time while they were engaged in the performance of the contract with the appellant the contractors worked their men in excess of eight hours and that the appellant had full knowledge of these facts while it was making such payments.

Although the provisions of the Labor Law were not set forth in the contract as required by the statute, the parties to such contract were of course chargeable with knowledge of such provisions, and we see no escape from the conclusion that the appellant having knowledge that the law was being violated by the contractors in the manner of performing the contract, was prohibited from making payments to them for work performed under such conditions.

In *People ex rel. Williams E. & C. Co.* v. *Metz* (193 N. Y. 148), in the consideration of the constitutionality of these provisions of the Labor Law, the one which has been quoted prohibiting payments where the statute was being

violated was expressly construed and upheld.    It seems to us very obvious that the legislature had a perfect right, if it deemed it wise so to do, to give vitality and effectiveness to the statute by providing not only that a contractor who worked his men in violation of its provisions should not be entitled to exact payment, but also that a municipality, as in this case, for which the work had been done should be prohibited from paying for the work with knowledge of the violation.    It is not necessary to consider whether a municipality would be entitled to credit for payments which it had made in ignorance of the fact that the statute was being violated, for in this case, as has been stated, it is expressly found that the appellant was not in ignorance, but had full knowledge of what was being done.

It is argued that the appellant might waive the violation of the statute to the extent at least of compensating the contractors for work and materials actually done and furnished on the basis of *quantum meruit*.    There are two answers which we think may be made to such an argument in this case.    In the first place, if the municipality may thus waive a violation by the contractor of which it has full cognizance and pay him on some other basis than that provided by the contract, an easy way will be afforded of circumventing a statute which the legislature in the exercise of its conceded powers has deemed to be for the public good and which should be fairly and consistently upheld by the courts.    In the second place, this action is brought to recover from a surety for non-performance of a contract and we think that well-settled principles prevent the plaintiff from establishing a claim by showing that at some time in its dealings with the contractor the contract was abandoned and work conducted under a theory of *quantum meruit*.

Thus reaching the conclusion that the sum which has been mentioned was paid by the appellant knowingly in disobedience of the express provisions of the statute we

are led to the determination that it is not entitled to be credited with such payment and expenditure and that in the absence of such credit it has failed to establish any damages which it can collect in this case.

The judgment should be affirmed, with costs.

CHASE, COLLIN, CUDDEBACK, MILLER and CARDOZO, JJ., concur; WILLARD BARTLETT, Ch. J., absent.

Judgment affirmed, etc.