■ EDITH WHALEY, Appellant, v. BEVERLY J. GRIDLEY, Respondent.— Order affirmed, with $10 costs and disbursements. (See *Swiatlowski* v. *Kasprzyk*, 3 A D 2d 261.) All concur. (Appeal from an order of Onondaga Special Term granting defendant's motion for a physical examination of plaintiff before trial and denying plaintiff's cross motion for a denial of such physical examination or in the alternative that the examining physician's report be submitted to plaintiff through her attorneys.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ EMORY RICHARDSON et al., Appellants, v. CITY OF LOCKPORT, Respondent.— Order modified as matter of discretion by granting leave to plaintiffs to serve an amended complaint if so advised, within 20 days after service of a copy of the order herein with notice of entry, and as so modified affirmed, with $10 costs and disbursements to the plaintiffs. Memorandum: The complaint was properly dismissed for legal insufficiency. It failed to allege compliance with the condition precedent to the commencement of the action contained in defendant's charter, as amended by Local Law No. 1 of the City of Lockport of the Local Laws of 1955. The validity of such a local law is now established (*Fullerton* v. *City of Schenectady*, 285 App. Div. 545, affd. 309 N. Y. 701; *Ellis* v. *City of Geneva*, 259 App. Div. 502, affd. 288 N. Y. 478). Plaintiffs contend, however, that the complaint is sufficient because it appears therein that the defendant city was the owner of land abutting the sidewalk and operated a city hospital located thereon. It is also claimed that the allegations of the pleadings are sufficient to charge the municipality with active negligence both in its capacity of abutting owner and maintainer of the city sidewalks. We are unable to so construe the pertinent paragraph of the complaint but in the light of plaintiffs' claims the order should be modified to permit plaintiffs to serve an amended complaint. All concur. (Appeal from an order of Erie Special Term dismissing plaintiffs' complaint and directing judgment of dismissal, in an action to recover damages for personal injuries alleged to have been sustained by reason of falling on an icy sidewalk.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ LAWRENCE E. BEST, an Infant by EDWARD J. BEST, His Guardian ad Litem, et al., Appellants, v. WILLIAM E. ARMSTRONG, Respondent.— Judgment and amended judgment affirmed, without costs of this appeal to any party. All concur. (Appeals from a judgment and amended judgment of Erie Trial Term for defendant for no cause of action in an automobile negligence action.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. J. B. GOREE, Appellant.— Order affirmed. All concur. (Appeal from an order of Erie Special Term denying defendant's motion to set aside the verdict of the jury and the sentence rendered thereon, and for a new trial.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ JAMES E. DAVIS, Respondent, v. CITY OF NIAGARA FALLS, Appellant.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Niagara Trial Term for plaintiff in a negligence action.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.