BRANG Co., INC., Respondent, *v.* STATE UNIVERSITY CONSTRUCTION FUND et al., Appellants.

Third Department, March 27, 1975.

*Louis J. Lefkowitz, Attorney-General (Richard J. Dorsey* and *Ruth Kessler Toch* of counsel), for State University Construction Fund, appellant.

*Donohue, Bohl, Clayton & Komar (Myron Komar* of counsel), for Quinlivan, Pierik & Krause, appellant.

*Love, Balducci & Scaccia (Dante M. Scaccia* of counsel), for respondent.

KANE, J. Plaintiff was the low bidder on a tree planting project at the State University College of Forestry at Syracuse and executed a contract with the defendant State University Construction Fund for the performance of the required work. Among other items, the contract provided that the wages to be paid by plaintiff " shall be not less than the prevailing rate of

wages as defined by law." Such rates are fixed in accordance with a procedure set forth in article 8 of the Labor Law which also mandates inclusion of the foregoing clause in contracts of this nature (Labor Law, § 220). Plaintiff entered into performance of the work and, for all that appears, satisfactorily completed the project. Its present action seeks to recover certain damages alleged to have been occasioned by defendant's negligence in failing to have the applicable wage schedule annexed to the work specifications before advertising for bids as required by the Labor Law (Labor Law, § 220, subd. 3). Damages were allegedly sustained when plaintiff was forced by the State Department of Labor to pay the "prevailing wage" to its workmen, which wage rate was higher than it had anticipated in its bid. Plaintiff restricts its present claim to the recovery of this difference. Special Term relied on *Building Chems. Corp.* v. *State of New York* (164 Misc. 407), and concluded that defendant had failed in its statutory duty, thereby breaching the contract. Accordingly, it granted plaintiff's motion for summary judgment on the issue of liability and ordered a trial as to the extent of damages.

The statutory framework obviously contemplates more than one purpose. It seeks to insure that workmen on public projects will receive an adequate wage and also affords protection to a contractor by giving him some foreknowledge of potential labor costs when bidding on such projects (cf. *Matter of Armco Drainage & Metal Prods.* v. *Moore*, 285 App Div 236). The contractor's protection is limited, however, since he may not obtain reimbursement from the public entity for increased labor costs due to subsequent increases in the prevailing wage rate schedule during the project, despite the fact that proper lower rates were originally included by schedule in the contract (*D.M.W. Contr. Co.* v. *Board of Educ. of City of N.Y.*, 259 App. Div. 1081, affd. 285 N. Y. 591). Special Term's reliance on *Building Chems. Corp.* v. *State of New York* (*supra*) to find a breach of contract is misplaced. There the statutory requirements were partially fulfilled, but the schedule of prevailing wage rates attached to the contract omitted reference to a certain category of workers later paid a correct rate by the contractor. The State's liability was predicated upon the contractor's right to believe that those statutory duties had properly been performed so that it could not be expected to pay any specific rate to those workmen. Here, the statutory scheme was, apparently, completely ignored by both parties before any contract was executed and, therefore, no liability can arise on a theory of some contractual breach.

Insofar as defendant's neglect to perform its obligation is concerned, we note that plaintiff failed to object thereto before signing a contract flatly promising to pay the prevailing rate of wages. Having thus neglected to take advantage of information obtainable by law before bidding on the project and, instead, agreeing to perform the work as it did, plaintiff may not now seek to recover for its own carelessness.

The order should be reversed, on the law, and the summary judgment should be granted in favor of defendants dismissing the complaint, with costs.

HERLIHY, P. J., GREENBLOTT, MAIN and LARKIN, JJ., concur.

Order reversed, on the law, motion granted, and summary judgment granted in favor of defendants dismissing the complaint, with costs.