■ ARROW LOUVER AND DAMPER DIVISION OF ARROW UNITED INDUSTRIES, INC., Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. — In a declaratory judgment action, plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated March 13, 1984, which granted the respective motions of the New York City Transit Authority, the Metropolitan Transit Authority, A. J. Pegno Construction Corp., Hugh Richards, Inc., and Carlin Construction and Development Corp. to dismiss the complaint.

Order affirmed, with one bill of costs to respondents appearing separately and filing separate briefs.

Defendant New York City Transit Authority (NYCTA), acting on behalf of the City of New York and the Metropolitan Transportation Authority, entered into various contracts with defendants A. J. Pegno Construction Corp. (Pegno), S. N. Tannor Corporation, Crescent Construction Corp. and Carlin Construction and Development Corp. (Carlin). These contracts provide for, among other things, the furnishing and installation of damper equipment in various subway stations involved in certain projects. Plaintiff and defendant Hugh Richards, Inc. (Richards) are manufacturers of dampers.

Plaintiff alleges in its complaint that the various contracts set forth certain definitive standards for the dampers which were to be installed, and that plaintiff's dampers meet those standards, while the Richards dampers do not. It is further alleged that Richards has been or will be awarded the damper subcontract on one or more of the subject projects.

It is also alleged that with regard to the contract awarded to defendant Pegno, relating to the Parsons Boulevard subway station, plaintiff was originally awarded the subcontract to manufacture and provide dampers. Afterwards, the scope of the Parsons Boulevard project was increased and the damper subcontract for the additional work was awarded to Richards.

Based on the foregoing, plaintiff seeks a judicial declaration that the dampers used in all the projects must meet all the specific contract specifications relating to dampers, and that the award of the additional damper work on the Parsons Boulevard station to Richards was illegal. Special Term granted motions by several defendants to dismiss the complaint.

Although we disagree with Special Term's conclusions that the present action is barred by the doctrine of *res judicata* or collateral estoppel, we nevertheless affirm the order under review since we find that, assuming the truth of all of plaintiff's allegations, its complaint fails to state a cause of action (CPLR 3211, subd [a], par 7). In general, a subcontractor is not a third-party beneficiary of a contract between an owner and a prime contractor, but is rather a mere incidental beneficiary (*Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655-656; *Renel Constr. v Brooklyn Co-op. Meat Distr. Center,* 59 AD2d 391, 395, affd 46 NY2d 859). In this case, there is no allegation that the plaintiff was intended by the contracting parties to be a third-party beneficiary. The allegation that the contracts explicitly refer to the Arrow damper is not sufficient, since the same contracts provide that the reference to a particular manufacturer is meant only to provide an example for the purpose of indicating requirements as to type, quality, and design. Thus, no

facts are alleged which, if proved, would warrant a finding that plaintiff was a third-party beneficiary of any of the contracts. Accordingly, as a stranger to the contracts, plaintiff lacks standing to sue for the enforcement of their provisions, or for a declaration as to their meaning. We find also that plaintiff's claim to standing as a citizen taxpayer is without merit.

Finally, although the awarding of a public works contract may be challenged in a CPLR article 78 proceeding upon the ground that it is arbitrary or capricious under the various public bidding statutes (see, e.g., *Matter of Cataract Disposal v Town Bd.,* 53 NY2d 266), there is no allegation here that the NYCTA failed to follow the relevant statute (Public Authorities Law, § 1209) or acted arbitrarily in awarding the subject contracts. O'Connor, J. P., Brown, Lawrence and Eiber, JJ., concur.