■ VITO J. CARUSO, Respondent-Appellant, v CITY OF BUFFALO URBAN RENEWAL AGENCY et al., Appellants-Respondents, et al., Defendant. (Appeal No. 1.)—Order unanimously reversed on the law without costs, motion to dismiss complaint in first action granted, motion to dismiss complaint in second action denied and complaint reinstated. Memorandum: The City of Buffalo Urban Renewal Agency (BURA) contends that Supreme Court erred in denying its motion to dismiss or for summary judgment with respect to the complaint in the "First Action". We agree.

The filing of a notice of claim is a condition precedent to a tort action against a public corporation *(see,* General Municipal Law § 50-e), and compliance with the filing requirement is part of plaintiff's substantive cause of action *(Williamson Roofing & Sheet Metal Co. v Town of Parish,* 139 AD2d 97, 106; *Saler v City of New York,* 96 AD2d 583, 584; *Doran v Town of Cheektowaga,* 54 AD2d 178). A complaint that fails to allege compliance with General Municipal Law § 50-e is legally insufficient and must be dismissed for failure to state a cause of action *(Davidson v Bronx Mun. Hosp.,* 64 NY2d 59, 62; *Williamson Roofing & Sheet Metal Co. v Town of Parish, supra,* at 106; *Doran v Town of Cheektowaga, supra).* The

failure to allege compliance with the statute may be considered for the first time on appeal *(Williamson Roofing & Sheet Metal Co. v Town of Parish, supra,* at 106; cf., *Camarella v East Irondequoit Cent. School Bd.,* 41 AD2d 29, 31, affd 34 NY2d 139).

Supreme Court erred in dismissing the complaint in the "Second Action". Buyers' status and the circumstances surrounding his appearance at the pretrial conference held in the Justice's Chambers cannot be finally determined on this record *(see, Park Knoll Assocs. v Schmidt,* 59 NY2d 205, 209-210; *Pecue v West,* 233 NY 316, 319-320; 44 NY Jur 2d, Defamation and Privacy, §§ 89-91) and Supreme Court should not have decided the judicial privilege issue as a matter of law. (Appeals from order of Supreme Court, Erie County, Mintz, J.— summary judgment.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.